# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HEWLETT PACKARD
ENTERPRISE COMPANY,
HP INC. f/k/a HEWLETT-
PACKARD COMPANY, AND
ARUBA NETWORKS, INC.,

    Plaintiffs,

v.

CHRIMAR SYSTEMS INC.
D/B/A CMS TECHNOLOGIES,

    Defendant.

Case No. 2:17-cv-13784-AC-RSW

Honorable Avern Cohn

Magistrate Judge R. Steven Whalen

---

## PLAINTIFFS' MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED LITIGATION

Plaintiffs, Hewlett Packard Enterprise Company ("HPE"), HP Inc. ("HPI") (formerly known as "Hewlett-Packard Company" or "HPCo")[1], and Aruba Networks, Inc. ("Aruba") (collectively and each in its own right, "Plaintiffs") respectfully move this Court for entry of an order staying this action pending further proceedings in another civil action pending between HPCo and ChriMar Systems

---

[1] On November 1, 2015, Hewlett-Packard Company spun-off HPE pursuant to a separation agreement. As part of the separation and distribution agreement, HPE and the remaining company, HPI, agreed to cooperate with each other in managing certain existing litigation related to Hewlett-Packard Company.

Inc. d/b/a CMS Technologies ("ChriMar") (together, Plaintiffs and ChriMar are "Parties") concerning a patent related to the patents at issue in this proceeding. The other civil action is *ChriMar Sys., Inc. v. Cisco Sys., Inc.*, Civil Action No. 4:13-cv-1300-JSW currently pending before District Judge White in the United States District Court for the Northern District of California.

Pursuant to this Court's Local Rule 7.1, on December 18, 2017 and January 24, 2018, Plaintiffs explained to ChriMar the nature of this Motion and its legal basis, but did not obtain ChriMar's concurrence.


Dated:  February 17, 2018          **KERR, RUSSELL AND WEBER, PLC**

                                    By:  */s/ Fred K. Herrmann*
                                    Fred K. Herrmann (P49519)
                                    500 Woodward Avenue
                                    Suite 2500
                                    Detroit, MI 48226
                                    Telephone:  (313) 961-0200
                                    Facsimile:  (313) 961-0388
                                    fherrmann@kerr-russell.com

                                    Hersh H. Mehta
                                    MCDERMOTT WILL & EMERY LLP
                                    444 West Lake Street
                                    Chicago, IL 60606-0029
                                    Telephone: (312) 372-2000
                                    Facsimile: (312) 984-7700
                                    hmehta@mwe.com

Jodi L. Benassi
McDermott Will & Emery LLP
275 Middlefield Road
Menlo Park, CA 94025-4004
Telephone: (650) 815-7561
Facsimile: (650) 815-7401
jbenassi@mwe.com

*Attorneys for Hewlett Packard Enterprise Company, HP Inc., and Aruba Networks, Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HEWLETT PACKARD
ENTERPRISE COMPANY,
HP INC. f/k/a HEWLETT-
PACKARD COMPANY, AND
ARUBA NETWORKS, INC.,

    Plaintiffs,

v.

CHRIMAR SYSTEMS INC.
D/B/A CMS TECHNOLOGIES,

    Defendant.

Case No. 2:17-cv-13784-AC-RSW

Honorable Avern Cohn

Magistrate Judge R. Steven Whalen

---

# PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STAY ACTION
# PENDING RESOLUTION OF RELATED LITIGATION

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND ........................ 7

       A.    ChriMar's Litigation History ................................................................. 7

       B.    Litigations Between ChriMar and Plaintiffs ......................................... 7

             1.    The California Action Between ChriMar and HPCo ................................ 7

             2.    Other Michigan Actions Between ChriMar and Plaintiffs ....................... 9

       C.    The Present Action ................................................................................. 11

       D.    Inter Partes Review Proceedings Involving ChriMar Patents ............................. 13

III.   LEGAL ARGUMENT ........................................................................................ 15

       A.    Legal Standard ...................................................................................... 15

       B.    This Court Should Stay The Present Action Pending Resolution Of The California Action ................................................................................. 16

             1.    The California Action Could Dispose Of Many, If Not All, Of The Issues In The Present Action .................................................................. 16

             2.    The IPRs on Several Patents-in-Suit Also Weigh In Favor Of Staying This Action ................................................................................ 21

IV.    CONCLUSION .................................................................................................. 22

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agfa Corp. v. Creo Prod. Inc.*,
  451 F.3d 1366 (Fed. Cir. 2006)................................................................19

*AMX, LLC v. ChriMar Sys., Inc.*,
  IPR2016-00572 (P.T.A.B. November 9, 2016) ................................15, 22

*AMX, LLC v. ChriMar Sys., Inc.*,
  IPR2016-00572, Paper 18 (P.T.A.B. Aug. 10, 2016) ......................21, 22

*In the Matter of Certain Communication Equipment, Components Thereof, and
  Products Containing the Same, Including Power Over Ethernet Telephones,
  Switches, Wireless Access Points, Routers and Other Devices Used in LANS,
  and Cameras*,
  337-TA-817 (instituted Dec. 1, 2011, terminated Aug. 1, 2012)...............8

*ChriMar Sys., Inc. v. Aastra Techs. Ltd.*,
  6:13-cv-00879 (E.D. Tex. filed Nov. 8, 2013)...........................................9

*ChriMar Sys., Inc. v. Alcatel-Lucent, Inc.*,
  6:13-cv-00880 (E.D. Tex. filed Nov. 8, 2013)...........................................9

*ChriMar Sys., Inc. v. AMX, LLC*,
  6:13-cv-00881 (E.D. Tex. filed Nov. 8, 2013)...........................................9

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
  4:13-cv-01300 (N.D. Cal. Mar. 22, 2013) ......................................6, 7, 8, 9, 17, 18

*ChriMar Sys., Inc. v. Grandstream Networks, Inc.*,
  6:13-cv-00882 (E.D. Tex. filed Nov. 8, 2013)...........................................9

*ChriMar Sys., Inc. v. Samsung Elecs. Co., Ltd.*,
  6:13-cv-00883 (E.D. Tex. filed Nov. 8, 2013)...........................................9

*Gray v. Bush*,
  628 F.3d 779 (6th Cir. 2010) ...................................................................15

*Helios Software, LLC v. Spectorsoft Corp.*,
  No. CV 15-20-LPS-CJB, 2015 WL 1387583 (D. Del. Mar. 25, 2015) ............15, 17

*Hewlett Packard Co. v. ChriMar Sys., Inc.*,
  2:14-cv-10292-AC-RSW (E.D. Mich. Jan. 22, 2014) ..................................5, 11, 20

*Hewlett Packard Co. v. ChriMar Sys., Inc.*,
    2:15-cv-10814-AC-RSW (E.D. Mich. Mar. 5, 2014) ............................................................10

*Hewlett Packard Co. v. ChriMar Sys., Inc.*,
    2:15-cv-12569-AC-RSW (E.D. Mich. Jul. 20, 2015) ............................................................10

*Juniper Networks, Inc. v. ChriMar Sys., Inc.*,
    IPR2016-01399 (P.T.A.B. Oct. 27, 2017) ............................................................14

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)............................................................15

*Ohio Willow Wood Co. v. Alps S., LLC*,
    No. 2:13-CV-860, 2014 WL 1872375 (S.D. Ohio May 8, 2014) ......................................15, 18

*SanDisk Corp. v. Phison Elecs. Corp.*,
    538 F. Supp. 2d 1060 (W.D. Wis. 2008) ............................................................15, 16, 17, 18

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
    No. 13-CV-346-BBC, 2015 WL 2248437 (W.D. Wis. May 13, 2015)....................................22

**Statutes**

Fed. R. Civ. P. 41(a)(1).............................................................................................................13

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.  Whether this Court should exercise its discretion to stay this action pending further proceedings in another civil action (*ChriMar Sys., Inc. v. Cisco Sys., Inc.*, Civil Action No. 4:13-cv-1300-JSW) before District Judge White in the United States District Court for the Northern District of California where: (i) that action involves a patent that is both at issue in this proceeding and is related to other patents at issue here, and (ii) the outcome of that action could obviate the need for these proceedings.  Plaintiffs answer: "Yes."

## I.    INTRODUCTION

The parties have a long history of patent litigation between them.  Plaintiffs[2] brought this declaratory judgment action to resolve ChriMar's assertions of certain patents against Plaintiffs' products that incorporate standards-compliant Power over Ethernet ("PoE") technology.   Specifically, Plaintiffs seek, among other relief, declarations of non-infringement and unenforceability of six ChriMar patents.   All six patents are related to the sole patent that ChriMar has asserted against HPCo in a patent infringement action that ChriMar filed in 2011—more than six years ago. That action is pending before District Judge White in the Northern District of California.  Plaintiff Aruba[3] further seeks, among other relief, declarations of non-infringement and unenforceability of the patent that ChriMar has asserted against HPCo in the California action.

Since 2016, summary judgment motions have been pending in the California action and Plaintiffs have no reason to believe that the California court will not issue a decision on those motions in the near term.  Because the resolution of certain issues in that action could affect, and potentially resolve, this action, Plaintiffs respectfully

---

[2] In this brief, "HPI" refers to Plaintiff HP Inc., formally known as Hewlett Packard Company, "HPE" refers to Plaintiff Hewlett Packard Enterprise Company, "Aruba" refers to Plaintiff Aruba Networks, Inc., and "Plaintiffs" refers collectively to all three Plaintiffs.   "ChriMar" refers to the Defendant, ChriMar Systems Inc. d/b/a CMS Technologies.

[3] Hewlett-Packard Company acquired Aruba in May 2015.

request that the Court exercise its discretion to stay this action pending further proceedings in the California action. This Court previously stayed similar declaratory judgment claims that Plaintiffs HPCo and Aruba filed pending further developments in the California action. Plaintiffs HPCo and Aruba recently dismissed those cases without prejudice in order to consolidate the patents at issue in those cases in the present action and to remove their requests for declaratory judgement of invalidity so that Plaintiffs preserve their rights to pursue *inter partes* review ("IPR") proceedings challenging the validity of the patents at issue in those cases (numerous claims of which have already been found to be invalid in other IPR proceedings) should Plaintiffs determine such proceedings are appropriate. The same reasons that supported the Court's stay of those actions likewise support a stay of this action pending further proceedings in California.

In 2011, ChriMar sued HPCo for patent infringement in the District of Delaware, alleging that HPCo's PoE products infringe U.S. Patent No. 7,457,250 ("'250 patent"). ChriMar simultaneously asserted the same patent against HPCo in the U.S. International Trade Commission ("ITC") and pursued the resulting ITC investigation against HPCo until shortly before the evidentiary hearing. Shortly before the hearing began, ChriMar unilaterally terminated its case, but only after HPCo had incurred the heavy costs of discovery and briefing at the ITC.

Despite voluntarily dropping its ITC claims, ChriMar nevertheless continued to assert the '250 patent in the Delaware action, which was transferred to and is now pending in the Northern District of California.  In the California action, HPCo has raised claims and defenses based on: (i) ChriMar's failure to disclose the '250 patent (and related patents) to the PoE standards body, and (ii) failure to name a known inventor of the patents.  HPCo has also requested that the California court declare the '250 patent and all related patents unenforceable.

During the pendency of the California action, the Patent Office issued ChriMar several patents, all related to the '250 Patent.[4]  ChriMar immediately filed five separate patent infringement suits in the Eastern District of Texas against manufacturers and sellers of PoE products (not including Plaintiffs) alleging their PoE products infringed ChriMar's '012 patent.

Given ChriMar's lengthy (and ongoing) history of patent assertions against HPCo, including the pending California action, HPCo thereafter promptly filed a declaratory-judgment complaint in this District seeking a declaration that (among other things) HPCo has not infringed the '012 patent.  Similarly, as described in

---

[4]     U.S. Patent No. 8,155,012 ("'012 patent"), U.S. Patent No. 8,902,760 ("'760 patent"), U.S. Patent No. 8,942,107 ("'107 patent"), U.S. Patent No. 9,019,838 ("'838 patent"), and U.S. Patent No. 9,049,019 ("'019 patent") are all related to the '250 patent.  Specifically, the '760, '838, and '019 patents are continuations of the '107 patent, which is a continuation of the '012 patent, which is a continuation of the '250 patent.

more detail in the table below, Plaintiffs filed three additional declaratory-judgment complaints in this Court (including this action) as each new, related patent issued, seeking declarations of non-infringement.

| Case No. | Plaintiffs | Complaint Date | Patent (Issue Date) | Stay Date | Administrative Closure Date |
|---|---|---|---|---|---|
| 2:14-cv-10292 | HPCo | 1/22/2014 | '012 (4/10/12) | 9/5/2014 | 9/30/2015 |
| 2:15-cv-10814 | HPCo | 3/5/2015 | '760 (12/2/14) '107 patent (1/27/2015) | 4/24/2015 | 9/30/2015 |
| 2:15-cv-12569 | HPCo, Aruba | 7/20/2015 | As to HPCo: '838 patent (4/28/2015) '019 patent (6/2/2015)  As to Aruba: '838, '019, '250, '012, '760, and '107 patents | 9/11/2015 | 9/30/2015 |
| 2:17-cv-13784 | HPE, HPCo, Aruba | 11/21/2017 | '825 patent (11/7/2017) | n/a | n/a |

Based upon the parties' agreement, and given that resolution of the California action would dispose of many, if not all, of the issues in Plaintiffs' declaratory-judgment actions, the Court stayed and administratively closed each of the previously filed declaratory-judgment actions ("other Michigan actions"). Specifically, the Court stayed each of the other Michigan actions, taking "judicial

notice of the pendency of [the California Action] . . . which has been pending since 2011 and involves assertion of a patent that is related to the patent[s]-in-suit in [the other Michigan actions]," and noting that the "Court has . . . been advised by the parties that the resolution of the California Action is likely to assist the parties in resolving [the other Michigan actions], thereby potentially conserving judicial and party resources." *See, e.g., Hewlett-Packard Co. v. ChriMar Sys., Inc.,* No. 2:14-cv-10292, Dkt. 17 (E.D. Mich. filed Jan. 22, 2014).

In order to promote efficiency and consolidate the proceedings between the parties, and also to remove Plaintiffs' requests for declaratory judgment of invalidity so that Plaintiffs preserve their rights to pursue IPR proceedings challenging the validity of the patents at issue in the other Michigan actions (numerous claims of which have already been found to be invalid in other IPR proceedings), Plaintiffs voluntarily dismissed the other Michigan actions without prejudice and filed an amended complaint in this action that includes Plaintiffs' request for a declaration of non-infringement of all of the patents previously involved in the other Michigan actions.

As discussed below (*see* Sections II, III), staying this action pending further proceedings in the California action would promote efficiency and conserve judicial resources for at least the following two reasons.

*First*, the issues largely overlap between this action and the California action, so much so that the resolution of the California action would dispose of many, if not all, of the issues in this action. Specifically, this action involves the '250 patent at issue in the California action and the other patents-in-suit in this action are all related to the '250 patent. As noted above, HPCo's claims and defenses in the California action can dispose of many, if not all, of the issues in this action. For instance, HPCo's standards-fraud and inequitable-conduct claims and defenses, as well as its estoppel defense associated with its standards-fraud claims, could estop ChriMar from asserting any patents related to the '250 patent, including all the patents included in this action. (*See* Ex. A (*ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 4:13-cv-01300-JSW, Dkt. 373 at Answer ¶¶ 6–19, 42–70, at Second Amended Counterclaim ¶¶ 149-155 (N.D. Cal. filed Mar. 22, 2013)). Plaintiffs propose that this action be stayed at least pending issuance of the California court's ruling on the parties' pending summary judgment motions, and perhaps longer, based on the results of that ruling.

*Second*, in IPR proceedings involving ChriMar's patents filed by other defendants in ChriMar's litigation campaign, the Patent Trial and Appeal Board ("Board") recently issued three Final Written Decisions invalidating all challenged claims of the '012, '838, and '107 patents involved in this action. Plaintiffs also expect that the Board will likely issue another Final Written Decision in the near

6

future with respect to the challenged claims of the '760 patent. These decisions provide an additional basis for staying the current action, at least pending further proceedings in the California action.

## II.    FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND

### A.    ChriMar's Litigation History

ChriMar is a patent assertion entity that allegedly owns patents covering certain aspects of standardized technology referred to as "Power-over-Ethernet" or "PoE." For many years, ChriMar has engaged in a widespread campaign to monetize its patents by demanding that manufacturers of products containing standards-compliant PoE technology ("PoE products") pay royalties for alleged infringement of ChriMar's patents. ChriMar's campaign primarily has involved filing numerous patent infringement lawsuits against various manufacturers of PoE products. ChriMar has filed dozens of patent infringement lawsuits against various manufacturers and sellers of PoE products, including multiple lawsuits against HPCo. (*See* Dkt. No. 17 ("First Amended Complaint") ¶¶ 36.)

### B.    Litigations Between ChriMar and Plaintiffs

#### 1.    The California Action Between ChriMar and HPCo

On October 31, 2011, ChriMar sued HPCo in the District of Delaware alleging that HPCo's PoE products infringe the '250 patent; ChriMar also simultaneously filed a complaint against HPCo in the ITC also alleging infringing the '250 patent and seeking to exclude HPCo's PoE products from the United States. *See ChriMar*

7

*Sys., Inc. v. Cisco Sys., Inc.*, 4:13-cv-01300 (N.D. Cal.); *In the Matter of Certain Communication Equipment, Components Thereof, and Products Containing the Same, Including Power Over Ethernet Telephones, Switches, Wireless Access Points, Routers and Other Devices Used in LANS, and Cameras*, 337-TA-817 (International Trade Commission).  Shortly before the hearing in the ITC was set to commence, and after forcing HPCo to expend significant sums defending against ChriMar's claims in the ITC, ChriMar voluntarily dismissed its ITC complaint without receiving any consideration from or reaching any agreement with HPCo.

Even after dropping its ITC case, ChriMar continued to pursue its claims against HPCo for alleged infringement of the '250 patent in the action it originally filed in Delaware.  That action was subsequently transferred to the Northern District of California, in 2013, and remains pending there.  In that action (the California action), HPCo has asserted affirmative defenses including estoppel and inequitable conduct, and asserted counterclaims for standards fraud and seeking a declaration of patent unenforceability due to related conduct and inequitable conduct.  (*See* Ex. A (*ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 4:13-cv-01300-JSW, Dkt. 373 at Answer ¶¶ 6–19, 42–70, at Second Amended Counterclaim ¶¶ 52-57, 149-155 (N.D. Cal.)).

The California action, which was filed more than six years ago, is procedurally advanced.  Specifically, fact and expert discovery has been completed, and the parties are waiting for the court's ruling on the parties' respective motions for

summary judgment.  *See ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 4:13-cv-01300-JSW, Dkt. 421 (N.D. Cal.).  Plaintiffs expect the California court will issue its ruling on those motions in the near term, as it has been approximately 18 months since the hearing date for the parties' motions for summary judgment was taken off calendar by the Court.  *See id.*

### 2.  Other Michigan Actions Between ChriMar and Plaintiffs

During the pendency of the California action, patents related to the '250 patent[5] continued to be issued to ChriMar.  In November 2013, ChriMar filed five separate patent infringement suits in the Eastern District of Texas against manufacturers and sellers of PoE products, asserting their PoE products infringe the '012 patent.[6]

On January 22, 2014—within two months after ChriMar filed its five actions in Texas—HPCo filed a declaratory-judgment complaint in this District seeking a declaration that HPCo's PoE products do not infringe the '012 patent.  *See Hewlett-Packard Co. v. ChriMar Sys., Inc.*, 2:14-cv-10292 (E.D. Mich.).  Similarly, shortly after the '760 and '107 patents issued on December 2, 2014 and January 27, 2015,

---

[5]    The '012, '760, '107, '838, and '019 patents.

[6]    *ChriMar Sys., Inc. v. Aastra Techs. Ltd.*, 6:13-cv-00879 (E.D. Tex.); *ChriMar Sys., Inc. v. Alcatel-Lucent, Inc.*, 6:13-cv-00880 (E.D. Tex.); *ChriMar Sys., Inc. v. AMX, LLC*, 6:13-cv-00881 (E.D. Tex.); *ChriMar Sys., Inc. v. Grandstream Networks, Inc.*, 6:13-cv-00882 (E.D. Tex.); *ChriMar Sys., Inc. v. Samsung Elecs. Co., Ltd.*, 6:13-cv-00883 (E.D. Tex.).

respectively, HPCo filed another declaratory-judgment complaint in this District seeking declarations that HPCo's PoE products do not infringe those patents. *See Hewlett-Packard Co. v. ChriMar Sys., Inc.*, 2:15-cv-10814 (E.D. Mich. filed Mar. 5, 2015). Likewise, after the '838 and '019 patents issued on April 28, 2015 and June 2, 2015, respectively, Plaintiffs HPCo and Aruba filed another declaratory-judgment complaint in this District seeking declarations that their PoE products do not infringe those patents, and Aruba further sought declarations that its PoE products do not infringe the '250, '012, '760, and '107 patents. *See Hewlett Packard Co. et al. v. ChriMar Sys.*, 2:15-cv-12569 (E.D. Mich. filed July 20, 2015).

In one of the other Michigan actions (2:14-cv-10292), on July 17, 2014 ChriMar filed its motion to dismiss or, in the alternative, motion to stay. *See Hewlett Packard Co. v. ChriMar Sys., Inc.*, 2:14-cv-10292-AC-RSW, Dkt. 12 at 13–19 (E.D. Mich.). There, ChriMar argued that the "case presents an exceptionally strong candidate for a stay" because of the commonality between the California action and the Michigan action. *See id.* at 14. Specifically, ChriMar argued that (among other things), a stay will conserve judicial resources because "by issuing a stay and allowing the California Litigation to play out, this Court would be relieved from having to consider HP's allegation that ChriMar's failed to comply with the IEEE standard setting process," since HPCo is asserting in the California action that the '250 patent and its related patents are "unenforceable due to ChriMar's alleged

10

failure to comply with the IEEE's standard setting process." *See id.* at 17.   In addition, ChriMar argued that a stay is especially appropriate given the infancy of the litigation. *See id.* at 18–19.

At the agreed request of the Parties, the Court stayed and administratively closed each of the Other Michigan Actions, taking "judicial notice of the pendency of [the California Action] . . . which has been pending since 2011 and involves assertion of a patent that is related to the patent[s]-in-suit in [Other Michigan Actions]," and noting that the "Court has . . . been ***advised by the parties that the resolution of the California Action is likely to assist the parties in resolving [the Other Michigan Actions], thereby potentially conserving judicial and party resources***."[7]   *See, e.g.*, *Hewlett-Packard Co. v. ChriMar Sys., Inc.*, No. 2:14-cv-10292, Dkt. 17 (E.D. Mich.).   ChriMar had not filed an answer or counterclaim in response to the complaints in the other Michigan actions at the time they were stayed by the Court.

C.     **The Present Action**

As with its approach to the other Michigan actions, on November 21, 2017—within two weeks after the '825 patent was issued to ChriMar—Plaintiffs filed their Complaint giving rise to this action, which seeks (among other things) a declaration that Plaintiffs' PoE products do not infringe the '825 patent.  (Dkt. No. 1.)  On

---

[7]     All emphasis added unless otherwise noted.

December 18, 2017—less than a month after filing its Complaint—Plaintiffs asked ChriMar to agree to stay this action pending further proceedings in the California case, as it had with the other Michigan actions.  (Ex. B (December 18, 2017 Email from F. Herrmann to F. Angileri.)  On December 22, 2017, ChriMar responded that it would get back to Plaintiffs at a later time.  (Ex. C (December 22, 2017 Email from F. Angileri to F. Herrmann.)

On January 23, 2018—after more than a month without any response from ChriMar to Plaintiffs' stay request—ChriMar asked Plaintiffs to agree to an extension of time to respond to Plaintiffs' Complaint, without mentioning anything about Plaintiffs' request stay this action.  (Ex. D (January 23, 2018 Email from F. Angileri to F. Herrmann.)  On January 24, 2018, Plaintiffs agreed to extend the time for ChriMar to respond to Plaintiffs' Complaint, but renewed their request that ChriMar agree to stay this action in view of the California action.  (Ex. E (January 24, 2018 Email from F. Herrmann to F. Angileri.)  On February 2, 2018, ChriMar finally responded to Plaintiffs' stay request, indicating that it does not agree to stay this action.[8]  (Ex. F (February 2, 2018 Email from F. Angileri to F. Herrmann.)

---

[8] In addition, ChriMar proposed that the Parties jointly request lifting the stay of one of the Other Michigan Actions involving the '019 patent because "the California case has not moved for some time, [and] . . . there are no IPRs concerning the '019 [p]atent."  (Ex. F (February 2, 2018 Email from F. Angileri to F. Herrmann).

On February 9, 2018, ChriMar filed its answer and counterclaim, denying all of Plaintiffs' declaratory-judgement claims and alleging that (among other things) certain Plaintiffs' PoE products infringe the '825 patent.  *See* Dkt. No. 11.

On February 16, 2018, in order to consolidate the proceedings between the parties and to remove Plaintiffs' requests for declaratory judgment of invalidity so that Plaintiffs preserve their rights to pursue IPR proceedings challenging the validity of the patents at issue in the other Michigan actions (numerous claims of which have already been found to be invalid in other IPR proceedings) should they determine such proceedings are appropriate, Plaintiffs voluntarily dismissed the other Michigan actions without prejudice under Fed. R. Civ. P. 41(a)(1) and filed an amended Complaint in this action seeking declarations of non-infringement of the patents originally at issue in the other Michigan actions in addition to the '825 patent.

### D.    *Inter Partes* Review Proceedings Involving ChriMar Patents

While the other Michigan actions were stayed and administratively closed, in response to the petitions of other parties (Juniper Network, Inc. and AMX, LLC), the Patent Trial and Appeal Board instituted multiple IPR proceedings involving the '012, '760, '107, '838, and '019 patents—*i.e.*, five of the Patents-in-Suit in this action, finding a reasonable likelihood that all challenged claims in those patents are unpatentable.  In the past couple of months, the Board issued Final Written Decisions

with respect to the '012, '107, and '838 patents, invalidating all challenged claims of these patents:

| Patent | IPR Institution Date | Final Written Decision Date | Outcome |
|---|---|---|---|
| '012 patent | 1/25/2017 | 1/23/2018 | All challenged claims found to be unpatentable |
| '107 patent | 12/22/2016 | 12/20/2017 | All challenged claims found to be unpatentable |
| '838 patent | 1/4/2017 | 12/29/2017 | All challenged claims found to be unpatentable |
| '760 patent | 1/4/2017 | Not issued yet | No decision issued yet |
| '019 patent | 8/10/2016 | Settled on 11/9/2016 | No pending IPRs |

In the IPR proceeding involving the '760 patent, on October 27, 2017 the Board ordered the parties to file additional briefing regarding the impact of the pending *ex parte* reexamination proceeding concerning the '760 patent, and the parties have filed all that briefing. *See Juniper Networks, Inc. v. ChriMar Sys., Inc.*, IPR2016-01399 (P.T.A.B. Oct. 27, 2017). The Board instituted that IPR on January 4, 2017.

With respect to the IPR proceeding involving the '019 patent, the Board terminated the proceeding within three months after it instituted an IPR of that patent because AMX, LLC and ChriMar settled before a Final Written Decision was issued. *See AMX, LLC v. ChriMar Sys., Inc.*, IPR2016-00572 (P.T.A.B. November 9, 2016).

## III.   LEGAL ARGUMENT

### A.   Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Where, as here, two separate proceedings involve related patents and/or the same accused products against the same defendants, courts have routinely granted stays to prevent the possibility of duplication, promote efficiency, and conserve judicial resources.  *See, e.g.*, *Helios Software, LLC v. Spectorsoft Corp.*, No. CV 15-20-LPS-CJB, 2015 WL 1387583, at *1 (D. Del. Mar. 25, 2015) (staying action to allow a related case between the parties to proceed to a jury verdict in light of the fact that the patent in suit is from the same family as one of the patents at issue in the related case); *see also Ohio Willow Wood Co. v. Alps S., LLC*, No. 2:13-CV-860, 2014 WL 1872375, at *3 (S.D. Ohio May 8, 2014) (staying one of the patentee's actions against the accused infringer in view of a pending action for a similarly related patent that was awaiting a trial on the issue of inequitable conduct); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008) (staying one of the patentee's actions against the accused infringers because, *inter alia*, the patents in suit are related to a patent at issue before the International Trade

Commission investigation, and both proceedings involve the same products against the same defendants).

**B.    This Court Should Stay The Present Action Pending Resolution Of The California Action**

      **1.    The California Action Could Dispose Of Many, If Not All, Of The Issues In The Present Action**

This Court should stay this action pending resolution of the California action because of the commonality of issues between this action and the California action, and in particular because resolution of the California action could resolve all of the issues in this action.

    First, the patents-in-suit include the '250 patent—the patent-in-suit in the California action—and related patents.   Thus, resolution of infringement and invalidity in the California action could impact overlapping issues in this action. Courts have stayed cases where the patents in suit are related to patents in another proceeding, and where the other proceeding will address infringement of the same products against the same accused infringers.  *See, e.g.*, *SanDisk Corp.*, 538 F. Supp. 2d at 1066 (staying one of the patentee's actions against the accused infringers because, *inter alia*, (1) "the two patents at issue in this case share prosecution history, a specification, some prior art and certain claim terms . . . with one of the five patents at issue before the commission," and (2) "[t]he proceeding before the commission will address infringement of the same products against the same defendants"); *see*

*also See Helios Software, LLC*, 2015 WL 1387583, at *1 (staying action to allow a related case between the parties to proceed to a jury verdict "in light of the fact that the patent-in-suit . . . is a continuation of one of the patents at issue in the [related] case, such that, *inter alia*, certain invalidity-related arguments made in the upcoming . . . trial [of the related case] will likely have an impact on this matter").

Here, as in *SanDisk Corp.*, the patents-in-suit include the '250 patent at issue in the California action, along with patents related to the '250 patent, and ChriMar has accused Plaintiffs' PoE products of infringement in this action, just as it has in the California action. Specifically, in the California action, ChriMar is making standards-based assertions—*i.e.*, ChriMar asserts that HPCo's standards-based PoE products infringe ChriMar's '250 patent. (Ex. G (*ChriMar Sys., Inc., v. Cisco Sys., Inc.*, *Inc.*, 4:13-cv-01300, Dkt. 1 (N.D. Cal.)) at ¶¶ 17–19.) Similarly, ChriMar has accused Plaintiffs' PoE products in this action. (Dkt. No. 11 at 67.) Courts have routinely considered similar facts to suggest a stay will promote efficiency and conserve judicial resources. *See, e.g.*, *SanDisk Corp.*, 538 F. Supp. 2d at 1066.

Second, HPCo's counterclaims and defenses in the California action could dispose of many, if not all, of the issues in this action. As explained above and in more detail below, HPCo's standards-fraud and inequitable-conduct claims and defenses in the California action ask for (among other things) an order barring ChriMar from enforcing any of its patents related to the '250 patent, including all of

17

the ChriMar patents in this action.  Courts have granted stays where a resolution of defenses or counterclaims in litigation (such as inequitable conduct) could prevent a patentee from asserting related patents (*e.g.*, continuation patents) in the litigation sought to be stayed.  *See Ohio Willow Wood Co. v. Alps S., LLC*, No. 2:13-CV-860, 2014 WL 1872375, at *3 (S.D. Ohio May 8, 2014) (staying one of the patentee's actions against the accused infringer in view of a pending action for a similarly related patent that was awaiting a trial on the issue of inequitable conduct); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008) (staying one of the patentee's actions against the accused infringers because, *inter alia*, "several defendants have asserted patent misuse defenses implicating plaintiff's entire flash memory patent portfolio, at issue in both proceedings").

In the California action, HPCo has alleged standards fraud and inequitable conduct claims, as well as an equitable estoppel defense based on related conduct. (*See* Ex. A (*ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 4:13-cv-01300-JSW, Dkt. 373 at Answer ¶¶ 6–19 at Second Amended Counterclaim ¶¶ 52-57, 149-155 (N.D. Cal.)). In connection with those claims and defenses, HPCo has asked the Court in the California action to issue a "declaration that the '250 [p]atent ***and related patents are unenforceable due to inequitable conduct*** . . . ."  (*Id.* at p. 42 (Prayer For Relief)).  If HPCo were to prevail on those claims and defenses, ChriMar could be barred from pursuing the patents-in-suit in this action.  *See Agfa Corp. v. Creo Prod.*

18

*Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006) (ruling that where inequitable conduct occurred during prosecution of a parent patent, the district court did not err in holding continuation patents to the parent patent unenforceable where the claims in the continuation patents were not "sufficiently distinct" from the claims in the parent patent).  Awaiting the California court's ruling on those issues would therefore promote efficiency and conserve judicial resources by avoiding proceedings that may ultimately prove to be unnecessary.

Lastly, the procedural posture of the California action is far progressed, while this action is still in the beginning stages.  Specifically, in this action, Plaintiffs filed their Complaint only three months ago, in November 2017, and ChriMar filed is its Answer and Counterclaims on February 9, 2018—only seven days ago.  Further, the previously-filed (now dismissed without prejudice) declaratory judgment actions were all stayed before ChriMar filed any answers or counterclaims, and therefore the patents at issue in those dismissed matters, which have been consolidated into the newest case, were no further along than the instant case.  In the California action, on the other hand, HPCo and ChriMar have completed fact and expert discovery and claim construction, and are waiting for the California court's ruling on their motions for summary judgment, which have been pending for approximately 18 months. After the Court rules on those motions the only major remaining event in that case would be trial to the extent required.

19

Indeed, in its July 2014 motion to dismiss or, in the alternative, motion to stay in one of the other Michigan actions (2:14-cv-10292), ChriMar argued that the Court should stay that Michigan action for the same reasons that Plaintiffs are presenting here. *See Hewlett Packard Co. v. ChriMar Sys., Inc.*, 2:14-cv-10292-AC-RSW, Dkt. 13 at 13–19 (E.D. Mich. July 17, 2014). Specifically, ChriMar argued that (among other things), a stay will conserve judicial resources because "by issuing a stay and allowing the California Litigation to play out, this Court would be relieved from having to consider HP's allegation that ChriMar's failed to comply with the IEEE standard setting process," since HPCo is asserting in the California action that the '250 patent and its related patents are "unenforceable due to ChriMar's alleged failure to comply with the IEEE's standard setting process." *See id.* at 17. In addition, ChriMar argued that a stay is appropriate given the infancy of the Michigan action. *See id.* at 18–19. Nothing has changed since July 2014, when ChriMar filed its motion, except that ChriMar's patent rights have been systematically whittled down as described below (*see* Section III.B.2). ChriMar is changing its position now for tactical, not judicial-efficiency, reasons.

## 2. The IPRs on Several Patents-in-Suit Also Weigh In Favor Of Staying This Action

This Court should stay this action pending resolution of the California action for an additional reason: IPR proceedings involving four of the patents in suit (the '012, '107, '838, and '760 patents) could narrow or dispose of certain issues

involving invalidity in this action.  Specifically, the Board has already issued Final Written Decisions in the IPR proceedings involving the '012, '107, and '838 patents, invalidating all challenged claims in those proceedings.  Plaintiffs also expect the Board to issue its Final Written Decision with respect to the '760 patent in the near future, as that IPR proceeding was instituted on January 4, 2017—more than a year ago.  Given the Board's ruling invalidating all other challenged claims in the other proceedings, Plaintiffs believe it is likely that all challenged claims of the '760 patent will also be invalidated.

Although there is no pending IPR proceeding involving two of the patents-in-suit (the '019 and '825 patents), the Board's rulings on the other IPRs strongly suggest that those claims are likewise invalid.  As discussed above (*see* Section II.D), although the Board ultimately terminated the IPR involving the '019 patent, the termination resulted from a settlement between the petitioner AMX, LLC and ChriMar and occurred after the Board found "a reasonable likelihood that Petitioners would prevail with respect to the challenged claims of the '019 patent."  *See AMX, LLC v. ChriMar Sys., Inc.*, IPR2016-00572, Paper 18 at 18(P.T.A.B. Aug. 10, 2016) (Decision on Institution of *Inter Partes* Review); *id.*, Paper 25 at 1 (P.T.A.B. Nov. 9, 2016) (Decision on Termination of the Proceeding).  And the claims of the '825 patent appear to be invalid for similar reasons.  These proceedings also weigh in favor of staying this action.  *See, e.g.*, *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,

No. 13-CV-346-BBC, 2015 WL 2248437, at *1 (W.D. Wis. May 13, 2015) (concluding that a stay is warranted pending appeal of an *inter partes* review decisions invalidating all but one of the challenged claims although the parties already filed post-verdict motions).

## IV.   CONCLUSION

The Court should grant this motion and stay this case.

22

Respectfully submitted,

Dated:  February 17, 2018          **KERR, RUSSELL AND WEBER, PLC**

By:  */s/ Fred K. Herrmann*
Fred K. Herrmann (P49519)
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Telephone:  (313) 961-0200
Facsimile:  (313) 961-0388
fherrmann@kerr-russell.com

Hersh H. Mehta
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
hmehta@mwe.com

Jodi L. Benassi
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road
Menlo Park, CA 94025-4004
Telephone: (650) 815-7561
Facsimile: (650) 815-7401
jbenassi@mwe.com

*Attorneys for Hewlett Packard Enterprise
Company, HP Inc., and Aruba Networks, Inc.*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2018, I caused the foregoing Plaintiffs'
Motion to Stay Action Pending Resolution of Related Litigation to be electronically
filed with the Clerk of the Court using the CM/ECF system, which will send
notification of such filing to all counsel of record.

By: */s/ Fred K. Herrmann*
Fred K. Herrmann (P49519)
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
fherrmann@kerr-russell.com

24